```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN MAYNES, DESIREE MAYNES, RAMONA
TURNER, KERRY CARLE, ELSIE MAYNES
POYNER, GLADYS MAYNES, DONETTE MAYNES,

                Plaintiffs,
                                                ORDER
        -against-                               10-CV-3989 (JS)(ETB)

UNKECHAUG TRIBAL COUNCIL, THOMASINA
MACK, LATASHA AUSTIN, TAMARA EDWARDS
PICKNEY, WANDA EDWARDS, MARY TREADWELL,
ROBIN SWAN, HARRY WALLACE, and
HARRY WALLACE'S BLOODRIGHTS,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     John Maynes, Pro Se
                    419 Donegan Avenue
                    East Patchogue, NY 11772

                    Desiree Maynes, Pro Se
                    419 Donegan Avenue
                    East Patchogue, NY 11772

                    Ramona Turner, Pro Se
                    419 Donegan Avenue
                    East Patchogue, NY 11772

                    Kerry Carle, Pro Se
                    24 Carver Avenue
                    Bellport, NY 11772

                    Elsie Maynes Poyner, Pro Se
                    841 Meade Avenue
                    Bellport, NY 11713

                    Gladys Maynes, Pro Se
                    311 West Main Street
                    Patchogue, NY 11772

                    Donette Maynes, Pro Se
                    234 River Avenue Apt. 3
                    Patchogue, NY 11772
```

| | |
|---|---|
| For Defendants: | James Simermeyer, Esq.<br>Law Offices of James F. Simermeyer, P.C.<br>148 Madison Avenue, 16th Floor<br>New York, NY 10016 |

SEYBERT, District Judge:

Before the Court is the Amended Complaint brought by <u>pro se</u> plaintiffs John Maynes, Desiree Maynes, Ramona Turner, Kerry Carle, Elsie Maynes Poyner, Gladys Maynes and Donette Maynes (collectively, "Plaintiffs") against the defendants, the Unkechaug Tribal Council, Thomasina Mack, LaTasha Austin, Tamara Edwards Pinckney, Wanda Edwards, Mary Treadwell, Robin Swan, Harry Wallace and Harry Wallace's Bloodrights (collectively "Defendants"). Plaintiffs have each filed applications to proceed <u>in forma pauperis</u> and requests for the appointment of counsel. For the reasons discussed below, Plaintiffs' applications to proceed <u>in forma pauperis</u> are GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE. Plaintiffs' requests for the appointment of counsel are DENIED as moot.

## BACKGROUND

<u>Pro se</u> Plaintiffs John Maynes, Desiree Maynes, Ramona Turner, and Anthony Eleazer filed the instant action on August 31, 2010 accompanied by applications to proceed <u>in forma pauperis</u> against the Unkechaug Tribal Council, Thomasina Mack, LaTasha Austin, Tamara Edwards Pickney, Wanda Edwards, Mary Treadwell, Robin Swan, and Harry Wallace's Bloodrights. On September 21,

| | |
|---|---|
| For Defendants: | James Simermeyer, Esq.<br>Law Offices of James F. Simermeyer, P.C.<br>148 Madison Avenue, 16th Floor<br>New York, NY 10016 |

SEYBERT, District Judge:

Before the Court is the Amended Complaint brought by <u>pro se</u> plaintiffs John Maynes, Desiree Maynes, Ramona Turner, Kerry Carle, Elsie Maynes Poyner, Gladys Maynes and Donette Maynes (collectively, "Plaintiffs") against the defendants, the Unkechaug Tribal Council, Thomasina Mack, LaTasha Austin, Tamara Edwards Pinckney, Wanda Edwards, Mary Treadwell, Robin Swan, Harry Wallace and Harry Wallace's Bloodrights (collectively "Defendants"). Plaintiffs have each filed applications to proceed <u>in forma pauperis</u> and requests for the appointment of counsel. For the reasons discussed below, Plaintiffs' applications to proceed <u>in forma pauperis</u> are GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE. Plaintiffs' requests for the appointment of counsel are DENIED as moot.

## BACKGROUND

<u>Pro se</u> Plaintiffs John Maynes, Desiree Maynes, Ramona Turner, and Anthony Eleazer filed the instant action on August 31, 2010 accompanied by applications to proceed <u>in forma pauperis</u> against the Unkechaug Tribal Council, Thomasina Mack, LaTasha Austin, Tamara Edwards Pickney, Wanda Edwards, Mary Treadwell, Robin Swan, and Harry Wallace's Bloodrights. On September 21,

2010, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction as well as on the grounds of res judicata. On September 30, 2010 Plaintiffs filed an Amended Complaint adding plaintiffs Kerry Carle, Elsie Maynes Poyner, Gladys Maynes and Donette Maynes and removing Anthony Eleazer from the action. The Amended Complaint was accompanied by an application to proceed in forma pauperis and a request for the appointment of counsel by Kerry Carle. On October 29, 2010 Donette Maynes, Elsie Maynes Poyner and Gladys Maynes filed applications to proceed in forma pauperis and Donette Maynes, Desiree Maynes, Gladys Maynes and Ramona Turner filed requests for the appointment of counsel.

On October 11, 2010, the Defendants filed a motion to dismiss the Plaintiffs' Amended Complaint for substantially the same reasons as their original motion. On October 20, 2010, the Plaintiffs filed their opposition to the Defendants' motion and the Defendants' filed their reply on November 8, 2010.

Plaintiffs, who are alleged to be "documented American Indians" claim that they "are being denied [their] bloodright, healthcare, land, etc . . . " by Defendants. (Amend. Compl. at ¶ III. C). Plaintiffs seek this Court's intervention "in determining the people that truly belong on the Indian Reservation by making them provide documentation to ensure that only true American Indian's [sic] are receiving bloodright." (Amend. Compl. at ¶ V).

Lastly, Plaintiffs seek nine hundred million dollars "for the denial of our bloodright, healthcare and land." Id.

DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiffs' declarations in support of their applications to proceed in forma pauperis, the Court finds that they are qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiffs' requests for permission to proceed in forma pauperis are GRANTED.

II. The Court's Sua Sponte Screening

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a). This obligation applies equally to prisoner and non-prisoner in forma pauperis cases. Awan v. Awan, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); Burns v. Goodwill Industries, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. 2002).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius, __ F.3d __, 2010 WL 3221875, at *6 (2d Cir. Aug. 17, 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, __ F.3d __, 2010 WL 3221875, at *6 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., __ F.3d __ 2010 WL 3611392, at *6 (2d Cir. Sept. 17, 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

III. Subject Matter Jurisdiction

"Indian tribes are 'domestic dependent nations' that exercise inherent sovereign authority over their members and territories." Oklahoma Tax Commissioner v. Citizen Band of Pottawatomie Indian Tribe of Oklahoma, 498 U.S. 505, 509, 111 S. Ct. 905, 112 L. Ed. 2d 1112 (1991) (citing Cherokee Nation v. Georgia, 30 U.S. 1, 17, 5 Pet. 1, 8 L. Ed. 25 (1831)). "Suits

against Indian tribes are thus barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." Oklahoma Tax, 498 U.S. at 509 (citing Santa Clara Pueblo v. Martinez, 436 U.S. 48, 58, 98 S. Ct. 1670, 56 L. Ed. 2d 106 (1978)).

In order to determine whether sovereign immunity applies, the tribe must be a tribe recognized by Congress or the Bureau of Indian Affairs (BIA), see United States v. Sandoval, 231 U.S. 28, 46-47, 34 S. Ct. 1, 58 L. Ed. 107 (1913), or meet the federal common law definition. See Montoya v. United States, 180 U.S. 261, 266, 21 S. Ct. 358, 45 L. Ed. 521 (1901). Precisely on point is Gristede's Foods, Inc. v. Unkechaug Nation, 660 F. Supp. 2d 442 (E.D.N.Y. 2009). In Gristede's Foods, the court addressed whether the Unkechaug Nation, the same Nation that is party to this action, enjoys sovereign immunity by virtue of it being recognized as an Indian tribe under federal law. In that case, the parties stipulated that the Unkechaug Nation had not been federally recognized by Congress or the BIA. Id. at 465. The court then proceeded to analyze whether the Unkechaug Nation met the federal common law definition set forth in Montoya, 180 U.S. at 266. After an extensive and extremely thorough analysis of whether the Unkechaug Nation met the federal common law definition, following an evidentiary hearing, the court's answer was affirmative. Gristede's Foods, 660 F. Supp. 2d at 465. Indeed, other courts to consider the issue have consistently held that the Unkechaug Nation

is a sovereign nation. See, e.g., Ellenbast v. Watkins, 32 A.D.2d 991, 821 N.Y.S.2d 275 (N.Y. App. Div. 2006) (holding tribe "meets the definition of a tribe set forth in Montoya v. United States, 180 U.S. 261, 266" (1901) and thus had sovereign immunity from personal injury suit); Hartford Accident & Indemnity Co. v. ABC Pacific Realty, LLC, 12 Misc. 3d 1155(A), 819 N.Y.S.2d 210 (Sullivan County 2006) ("[T]he Unkechaug is, and has been, recognized as an Indian tribe by the State of New York for more than 200 years . . . and 'fall[s] squarely within the umbrella of the Montoya . . . line of cases.'"); Carruthers v. Unkechaug Indian Nation, 12 Misc. 3d 1155(A), 819 N.Y.S.2d 208 (Suffolk County 2004) (finding court lacked subject matter jurisdiction because Unkechaug Nation has sovereign immunity as to civil suits).

Therefore, given that the Unkechaug Nation is an Indian Nation under federal common law, it enjoys sovereign immunity. Accordingly, the Court lacks subject matter jurisdiction to adjudicate the plaintiffs' claims and the Amended Complaint is DISMISSED WITH PREJUDICE as against the Unkechaug Nation.

With regard to the remaining Defendants, Plaintiffs' Amended Complaint is wholly devoid of any factual allegations against any of them. Indeed, apart from being named in the caption, the individual Defendants are not again mentioned nor does the Amended Complaint describe any conduct allegedly attributable to any of these individuals. Upon review of the exhibits annexed

to the Amended Complaint, it appears that the individual Defendants are members of the tribal council and are being sued by virtue of their status as a tribal council members for actions taken within his or her official tribal capacity.  As such, the individual Defendants are also entitled to sovereign immunity.  See Gristede's Foods, 660 F. Supp. 2d at 478 (finding Tribe Chief Harry Wallace "enjoys tribal immunity from suit only to the extent that he is sued in his official tribal capacity for acts within the scope of his tribal authority.").  Accordingly, in so far as the Amended Complaint asserts claims against Defendants Thomasina Mack, LaTasha Austin, Tamara Edwards Pinckney, Wanda Treadwell, Mary Treadwell, Robin Swan, Harry Wallace and Harry Wallace's Bloodrights in their official capacities for acts undertaken in their official tribal capacities, such claims are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the reasons set forth above, Plaintiffs' applications to proceed in forma pauperis are GRANTED and the Amended Complaint is DISMISSED WITH PREJUDICE in its entirety.  Given the dismissal of the Amended Complaint, the requests for the appointment of counsel are DENIED AS MOOT.  Likewise, the Defendants' motion to dismiss the Amended Complaint is DENIED AS MOOT.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of

any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).  The Clerk of the Court is directed to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     January  5 , 2011
           Central Islip, New York